**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIMMY R. TREAT and EMMA TREAT, Husband and Wife, ) ) ) Plaintiffs, ) ) vs. ) ) THERMOGUARD EQUIPMENT INC., ) ALLIANCE MACHINES SYSTEMS ) INTERNATIONAL, L.L.C., J&L ) GROUP INDUSTRIES, L.L.C., and ) H ENTERPRISES INTERNATIONAL, ) INC., ) ) Defendants. ) | Case No. 08-CV-318-GKF-PJC |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Remand [Dkt. # 10], filed by plaintiffs Jimmy and Emma Treat (the "Treats").

The Treats originally brought this action in the District Court of Creek County, Oklahoma on May 1, 2008. The Treats alleged that machinery manufactured by defendant Thermoguard Equipment, Inc. ("Thermoguard") caused substantial bodily harm to Mr. Treat when the lift conveyor came down and crushed his arm, that the machine's design was defective and unreasonably dangerous, and that Thermoguard's actions were done with reckless disregard for the safety of the user. Mr. Treat claims he sustained physical and mental pain and injury which caused expenses for medical attention and hospitalization, and temporary and permanent physical impairment resulting in loss of wages and loss of future earning capacity. Mrs. Treat brings a loss of consortium claim. Consistent with Oklahoma law, the Treats requested actual damages in a sum

1

in excess of $10,000 and punitive damages in a sum in excess of $10,000, along with the customary requests for fees and costs. *See* Okla. Stat. tit. 12, § 2008(A)(2).

On May 28, 2008, Thermoguard timely filed a Notice of Removal to remove the action, and the Treats filed a Motion to Remand. Thermoguard alleges this Court has diversity jurisdiction, and that the amount in controversy exceeds the requisite jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). The Treats contend that Thermoguard has not met its burden of proving underlying jurisdictional facts supporting the assertion that the amount in controversy exceeds requisite amount.

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332. Defendants seeking removal bear the burden of proving both of these elements. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The required amount in controversy "must be affirmatively established on the face of *either* the petition *or* the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis added). "[W]here a state court complaint does not identify a specific amount that the plaintiff seeks to recover," as is the case here, the burden is on a defendant seeking removal "to prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953, 955 (10th Cir. 2008). Regarding the application of the preponderance of the evidence standard, it is "more precise to say that [a] defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible* that $75,000 [i]s in play." *McPhail*, 529 F.3d at 955. Conclusory statements will not carry the burden. *Martin v. Mo. Pac. R.R.*, 932 F.Supp. 264 (N.D. Okl. 1996).

While "the defendant may rely on an estimate of the potential damages from the allegations in the complaint," and "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal," the complaint must set forth sufficient jurisdictional facts upon which the Court can reach such a conclusion. *McPhail*, 529 F.3d at 955. *McPhail* identified this fundamental, preliminary principle: "[o]nce the facts have been established," *then* "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* Thus, Thermoguard bears the initial burden of proving, by a preponderance of the evidence, the existence of sufficient jurisdictional facts.

*In McPhail*, a wrongful death case, the complaint on its face may have been sufficient by itself to support removal, but the court was not required to decide that question, because correspondence between opposing counsel incorporated in the notice of removal demonstrated that the plaintiff's attorneys agreed the amount in controversy to be in excess of $75,000. *Id.* at 957. This is not a wrongful death case, and no similar correspondence was incorporated in Thermoguard's notice of removal. Neither the Petition nor supporting documents sufficiently inform the Court of the extent of Mr. Treat's arm injury or the length of his hospitalization. The allegations of the Petition are simply insufficient to satisfy the defendant's burden of proving jurisdictional facts showing that the case implicates more than $75,000.[1]

Defendant has also failed to satisfy the requirements of Local Civil Rule 81.3, which requires the notice of removal to include either "[a] particularized statement of facts upon which the

---

[1] The court considers the claimed punitive damages as a factor in its analysis. However, conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount. *Lightle v. Hartford Ins. Co. of Midwest*, 2006 WL 1047061 (N.D. Okla. Apr. 19, 2006) (Eagan, C.J.)

3

jurisdictional amount is based . . ." or "either a response . . . or an admission by [a plaintiff] . . . that the damages actually sought by plaintiff exceed $75,000."

WHEREFORE, plaintiffs' Motion to Remand [Dkt. # 10] is granted.

IT IS SO ORDERED this 29th day of September 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma